JAMES KAWAHITO (SBN 234851)
KAWAHITO LAW GROUP APC
222 N. Sepulveda Blvd., Suite 2222
El Segundo, California 90245
Telephone: (310) 746-5300
Facsimile: (310) 593-2520

SAHAG MAJARAIN II (SBN 146621)
LAW OFFICES OF SAHAG MAJARIAN II
18250 Ventura Blvd.
Tarzana, CA 91356
Telephone: (818) 609-0807
Fax No.: (818) 609-0892

Attorneys for Plaintiff Clinton Simril and Class Members

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON SIMRIL, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TVI, Inc., and DOES 1 through 10, inclusive,<br><br>Defendants. | **CASE NO.: 16-CV-00817-SI**<br><br>[*Honorable Judge Susan Illston, Courtroom 1, 17th Floor*]<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

| | |
|---|---|
| 1 | **ORDER GRANTING PRELIMINARY APPROVAL OF** |
| 2 | **CLASS ACTION SETTLEMENT** |

On April 14, 2017 the Court heard Plaintiff's Motion for Preliminary Approval of Class Action Settlement by Plaintiff Clinton Simril ("Plaintiff" or "Class Representative"), on behalf of himself and all others similarly situated. The Motion is not opposed by Defendant TVI, Inc. ("TVI"). The Court has considered the Joint Stipulation of Class Action Settlement and Release ("Settlement Agreement"), the proposed Notice of Class Action Settlement ("Class Notice") and the Motion for Preliminary Approval and its attached forms, the submissions of counsel, and hereby finds and Orders as follows:

1. Unless otherwise defined herein, all terms used in this Order (the "Preliminary Approval Order") will have the same meaning as defined in the Settlement Agreement.

2. The Court finds on a preliminary basis that the settlement memorialized in the Settlement Agreement, filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval.

3. Based on a review of the papers submitted by the parties, the Court finds that the settlement is the result of arms-length negotiations conducted after Class Counsel adequately investigated the claims and became familiar with the strengths and weaknesses of those claims. The assistance of an experienced mediator in the settlement process supports the Court's conclusion that the settlement is non-collusive.

4. The Court conditionally finds that, for the purposes of approving this settlement only, the proposed Class meets the requirements for certification of a settlement class under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure: (a) the proposed Class is ascertainable and so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law or fact common to the proposed Class; (c) certain claims of Plaintiff are typical of the claims of the members of the proposed Class; (d) Plaintiff and their counsel will fairly and adequately protect the interests of the proposed Class; and (e) a class action is superior to the other available methods for an efficient resolution of this controversy. Accordingly, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court conditionally certifies, for settlement purposes

1 only (and for no other purpose and with no other effect upon this or any other action, including no effect upon this action should the settlement not ultimately be approved), the following class: All persons who worked for Defendant in California as a non-exempt employee from December 21, 2011 to the date of Preliminary Approval

5. For purposes of this Preliminary Approval Order, "Class Period" means the period from December 21, 2011 through the date of preliminary approval.

6. If the settlement does not become final for any reason, the fact that the parties were willing to stipulate to class certification as part of the Settlement shall have no bearing on, and will not be admissible in connection with the issue of whether a class in this action should be certified in a non-settlement context.

7. The Court's conditional findings are limited solely to the claims brought on behalf of the proposed Class. The Court's findings are for purposes of conditionally certifying a Class and will not have any claim or issue preclusion or estoppel effect in any other action against Defendant or in this action if the settlement is not finally approved.

8. The Court appoints, for settlement purposes only, Plaintiff Clinton Simril as representative for the claims against TVI.

9. The Court appoints, for settlement purposes only, Kawahito Law Group APC and the Law Offices of Sahag Majarian II as "Class Counsel."

10. The Court approves CPT Group, Inc. as the Claims Administrator to perform duties in accordance with the Settlement Agreement.

11. The Court finds that the procedures for notifying the Class about the settlement as described in the Settlement Agreement and Class Notice provide the best notice practicable under the circumstances and therefore meet the requirements of due process, and directs the mailing of the Class Notice and the attachments thereto in accordance with the Settlement Agreement.

12. The Court approves, as to form and content, the proposed Class Notice and associated forms. The Claims Administrator is authorized to mail those documents, after they are updated with the appropriate dates and deadlines consistent with the Settlement Agreement, to the Class Action members as provided in the Settlement Agreement.

-2-

1    13.    The Court approves the requirements for submitting objections to the Settlement Agreement set forth in the Class Notice.  Class Members who wish to object to the Settlement must send or file a written objection with the Court, not later than sixty calendar days from the date the Claims Administrator mails the Class Notice to the Class Members.  Class Members who does not submit an objection in the manner and by the deadline specified above will be deemed to have waived all objections and will be foreclosed from making any objections to the Settlement, whether by appeal or otherwise.  In the event any objections are asserted, Plaintiff and Defendant may address those objections in their briefing for Final Approval of the Settlement.

14.    The Court approves the procedures for Class Members to request exclusion from the Settlement Agreement as set forth in the Class Notice.  In particular, Class Members may elect to opt out of the Settlement by sending a written request for exclusion to the Claims Administrator at the address that is set forth in the Class Notice.  To be timely, all such Requests for Exclusion must be postmarked no later than sixty calendar days after the date the Claims Administrator mails the Class Notice to the Class Members.  Class Members who fail to comply with the opt-out procedure shall not be excluded and shall instead be bound by all provisions of the Settlement Agreement and all orders issued pursuant thereto.

15.    The parties are ordered to carry out the Settlement according to the terms of the Settlement Agreement.

///

-3-

Simril v. TVI, Inc.
16-CV-00817-SI

16. Plaintiff shall file the motion for fees and costs by June 23, 2017. Plaintiff shall file the motion for final approval of the settlement by July 28, 2017. The Court will conduct a Fairness and Good Faith Determination Hearing on August 21, 2017 at 4:00 p.m. for the purposes of: (i) determining the fairness, adequacy, and reasonableness of the Settlement Agreement terms and associated settlement pursuant to class action procedures and requirements; (ii) determining the good faith of the Settlement Agreement and associated settlement; and (iii) entering Judgment. The Fairness and Good Faith Determination Hearing may be continued without further notice to Class Members.

IT IS SO ORDERED

Dated: April 17, 2017

_____
SUSAN ILLSTON
United States District Judge

-4-

Simril v. TVI, Inc.
16-CV-00817-SI